UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA         :
                                 :
v.                               :   CIV. NO. 3:09CR210(WWE)
                                 :
FRANK M RUOCCO                   :
BORIS A TOMICIC                  :
EARTH TECHNOLOGY, INC.           :

RECOMMENDED RULING ON MOTION FOR RECONSIDERATION

Defendant Frank M. Ruocco, Jr. seeks reconsideration of certain portions of the Court's May 20, 2011 ruling on his motion for issuance of subpoenae duces tecum. **[Doc. #190]**.

1. Subpoena to Chase Credit Card Services

On reconsideration, defendant Ruocco argues that "[t]he materials sought from Chase Credit Card Services are relevant to the defense of the charges brought against defendant, in which the government claims that the defendant 'exercised secret oversight and control over Recycle Technology.'" [Doc. #190 at 5 citing Indict. at 2, ¶5]. Ruocco contends that the information sought in the subpoena will show that he "did not possess or exercise control over Recycle Technology's spending and would, therefore, rebut the Government's allegation of 'oversight and control.'" Id.

Although on reconsideration Ruocco claims that he "identified specific transactions" for which he seeks evidence, the subpoena seeks "all documents" concerning the Chase credit

card at issue for the period of January 1, 2004 through December 31, 2007. As the Government points out, Ruocco does not provide one instance of a particular transaction, or even a particular type of transaction, which would be relevant. [Doc. #192 at 2]. It does not appear from defendant's showing that proving defendant did not use this credit card would rebut the government's allegation of secret oversight and control of Recycle Technology.

On reconsideration, the Court adheres to its ruling that the subpoena is overly broad and Ruocco has failed to show admissibility, specificity and relevance for the broad category of evidence sought.

2. <u>Subpoena to Donald E. Raymond, CPA</u>

Ruocco also seeks reconsideration of the Court's ruling on the proposed subpoena to Donald Raymond, CPA. Ruocco contends that the materials sought from Mr. Raymond "will demonstrate that there was no payment, fraudulent or otherwise, made by McCambridge or Recycle Technology to the defendant and/or ETI and no obligation to make any such payment arising out of the New York Project." [Doc. #190 at ¶12].

This does not actually appear to be an issue in this prosecution. Paragraph 24 of Count One in the Indictment alleges:

> It was part of the conspiracy that the defendants would and did conduct, and cause to be conducted, financial transactions in which defendant <u>EARTH TECHNOLOGY sent the</u>

> proceeds of the fraudulent activity to
> Recycle Technology under the guise of
> payments of Recycle Technology invoices in
> order to conceal, among other things, the
> nature of the fraud and the fact that most of
> the fraud proceeds belonged to defendants
> RUOCCO and EARTH TECHNOLOGY.

(emphasis added). The Indictment further alleges that defendant Ruocco "instructed the controller of EARTH TECHNOLOGY to create and maintain a spreadsheet that tracked monies provided to Recycle Technology from defendant RUOCCO, including the amount of money generated by the sham 'brokering' of the NY Project." [Indict. Count One, ¶26(o)].

To the extent that defendant seeks documents in Mr. Raymond's possession evidencing the treatment for accounting purposes by Mr. Raymond of payments made by the defendant Ruocco or ETI to William McCambridge or Recycle Technology between 2004 and 2007, for the purpose of comparing the accounting treatment of those payments by UHY, this information could be relevant if focused on the specific invoices or monies referenced in Count 1, Paragraphs 24 and 26 of the Indictment. However, Schedule A is much broader than that, and there is no showing of how the work papers, tax returns and pre-bankruptcy documents would yield evidence of specific invoices or monies paid, let alone the basis on which they would be admissible at trial.

On reconsideration, the Court finds that defendant has not provided a basis for subpoenaing all the requested information from Mr. Raymond. The Court adheres to its ruling that the

subpoena is overly broad and Ruocco has failed to show admissibility, specificity and relevance for the evidence sought.

CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration **[Doc. #190]** is **GRANTED**. On reconsideration, the Court adheres to its prior ruling.

Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order. Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

Entered at Bridgeport this 20th day of June 2011.

                          \_\_\_/s/_____
                          HOLLY B. FITZSIMMONS
                          UNITED STATES MAGISTRATE JUDGE